I concur with the second and third assignments in their entirety.

**In re ARNEY.**

[Cite as *In re Arney* (1991), 68 Ohio App.3d 385.]

Court of Appeals of Ohio,
Stark County.

No. CA–8239.

Decided Jan. 14, 1991.

*Lee I. Fisher*, Attorney General, and *Bennett A. Manning*, for appellant.

*Kaschak & Poulos Co., L.P.A.,* and *John A. Poulos,* for appellee.

MILLIGAN, Judge.

The Stark County Common Pleas Court, Division of Probate, following a hearing, found James Arney to be mildly retarded and in need of institutionalization. He was committed to the Applecreek Developmental Center, a public institution. R.C. 5123.76(C)(1)(a). The public facility is operated by the Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD").

ODMRDD appeals assigning a single error:

"The lower court erred by committing respondent James Arney to a developmental center operated by the Ohio Department of Mental Retardation and Developmental Disabilities when it knew that the commitment would cause the facility to exceed its licensed capacity."

There is no dispute with the trial court's conclusion that the respondent was a mentally retarded person subject to institutionalization, or that a ninety-day commitment to a public institution, to wit Applecreek, was inappropriate.

The sole claim of error is that the Applecreek Developmental Center was full to capacity and admission of respondent would "cause the institution to exceed its licensed capacity."

As an initial matter the ODMRDD acknowledges that the ninety-day period has expired, but claims that the challenged probate court procedures are such that they are capable of repetition yet evading review.

We overrule the motion to dismiss on grounds of mootness upon the authority of *Weinstein v. Bradford* (1975), 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350; *State, ex rel. The Repository,* v. *Unger* (1986), 28 Ohio St.3d 418, 28 OBR 472, 504 N.E.2d 37.

We turn now to the assignment of error by the ODMRDD.

"The court may order the respondent, for a period not to exceed ninety days:

"(a) To a public institution, provided that commitment of the respondent to the institution will not cause the institution to exceed its licensed capacity determined in accordance with section 5123.19 of the Revised Code and provided that such placement is indicated by the comprehensive evaluation report filed pursuant to section 5123.74 of the Revised Code[,]" R.C. 5123.-76(C)(1)(a), as effective October 5, 1987.

It would be appropriate to overrule the assignment of error for want of a record demonstration that at the time the trial court made its judgment of commitment to a public institution, such commitment would exceed the licensed capacity of Applecreek Developmental Center.[1] However, we elect to examine the issue on its merits.

The issue then becomes whether existence of available capacity at a public institution is a condition precedent to the execution of a valid commitment judgment. Stated differently, is commitment to a public institution that does not have available capacity render the commitment judgment voidable?

We read the statute to place the burden of engineering capacity upon the administrative branch of government, not the court. The appropriate decision *vis a vis* capacity and admission is an administrative matter best left to the bureaucratic mechanisms of the department.

If, upon administrative review, the department determines that there is no available capacity in a specific case and exclusion of *this* person is appropriate, we perceive the burden to befall such department to move or petition the probate court for relief from the prior judgment.

Our conclusion that prior consent to commitment to a public institution is not required is bolstered by R.C. 5123.76(D). That section requires prior consent for commitments to county programs, private facilities, other suitable facilities, and other persons:

"(D) Any order made pursuant to division (C)(1)(b), (d), or (e) of this section shall be conditional upon the receipt by the court of consent by such facility or person to accept the respondent." (Division [C][1][a] is not included.)

It does not require prior consent for a public commitment.

The single assignment of error is overruled and the judgment of the Stark County Probate Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and SMART, J., concur.

---

1. This court granted leave to appellant to supplement the record by an affidavit alleging, *inter alia,* that the court was advised there was no room at the institution.