DeWEESE, Appellee,

v.

OHIO DEPARTMENT OF MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES, Appellant.

[Cite as *DeWeese v. Ohio Dept. of Mental Retardation & Developmental
Disabilities* (1993), 92 Ohio App.3d 299.]

Court of Appeals of Ohio,
Miami County.

No. 92–CA–65.

Decided Dec. 8, 1993.

*Jack L. Carter,* for appellee.

*Lee Fisher,* Attorney General, and *John T. Williams,* Assistant Attorney
General, for appellant.

FAIN, Judge.

Appellant Ohio Department of Mental Retardation and Developmental Disabilities appeals from an order committing respondent Lori Ann DeWeese to the Montgomery Developmental Center. The department contends that the trial court lacked authority to order the commitment in view of the undisputed fact that the commitment caused the Montgomery Developmental Center, a public institution, to exceed its licensed capacity. Further, the department contends

that the order of the trial court was unlawful in that it caused the Montgomery Developmental Center to violate both federal and state licensing standards.

We find it unnecessary to reach the department's second contention because we agree with its first contention. We conclude that, pursuant to R.C. 5123.-76(C)(1)(a), the trial court was without authority to issue the order committing DeWeese to the Montgomery Developmental Center. We note that in reaching this conclusion we appear to be in conflict with judgments of two other courts of appeals in *In re Arney* (1991), 68 Ohio App.3d 385, 588 N.E.2d 296, and *In the Matter of Williams* (Feb. 25, 1993), Seneca App. Nos. 13–92–35, 13–92–36 and 13–92–37, unreported, 1993 WL 48780. Accordingly, we will entertain a motion to certify our judgment in the case before us.

## I

In September 1992, DeWeese was admitted to the Montgomery Developmental Center pursuant to a temporary order of detention issued by the Probate Division of the Miami County Common Pleas Court. In October, an involuntary commitment hearing was held pursuant to R.C. 5123.76. The referee who heard the case found that DeWeese was a mentally retarded person subject to institutionalization. In an entry approved by the trial judge, DeWeese was committed to the Montgomery Developmental Center on November 6, 1992.

The center's licensed capacity is one hundred four persons. With the addition of DeWeese, the number of persons residing at the Center was one hundred five persons.

The department has appealed from the order committing DeWeese.

## II

The department's first assignment of error is as follows:

"The trial court lacked the authority to order the commitment of the respondent-appellee to Montgomery Developmental Center in violation of R.C. 5123.-76(C)(1)(a).

R.C. 5123.76 provides, in pertinent part, as follows:

"(C) If, upon completion of the hearing, the court finds clear and convincing evidence that the respondent is a mentally retarded person subject to institutionalization by court order:

"(1) The court may order the respondent, for a period not to exceed ninety days:

"(a) To a public institution, provided that commitment of the respondent to the institution will not cause the institution to exceed its licensed capacity determined

in accordance with section 5123.19 of the Revised Code and provided that such placement is indicated by the comprehensive evaluation report filed pursuant to section 5123.74 of the Revised Code.

"(b) To a private institution;

"(c) To a county mental retardation program;

"(d) To receive private habilitation and care;

"(e) To any other suitable facility, program, or to the care of any person consistent with the comprehensive evaluation, diagnosis, prognosis, and habilitation needs of the respondent.

"(2) The court may order the respondent's discharge.

"(D) Any order made pursuant to division (C)(1)(b), (d), or (e) of this section shall be conditional upon the receipt by the court of consent of such facility or person to accept the respondent."

The dispositive issue in this appeal is whether a trial court may order a commitment to a public institution, pursuant to R.C. 5123.76(C)(1)(a), when to do so would cause that institution to exceed its licensed capacity. There are no disputed facts. It is conceded that the commitment order was otherwise proper, and it is conceded that with the addition of DeWeese, the Montgomery Developmental Center exceeded its licensed capacity.

DeWeese, as appellee, cites *In re Arney* and *In the Matter of Williams*, for the proposition that because an order of commitment to a public institution is not conditional upon receipt by the court of consent by the institution, a trial court may order a commitment to a public institution that would cause it to exceed its licensed capacity. We agree with DeWeese that that is what our sister courts held in *In re Arney* and *In the Matter of Williams*. However, we respectfully disagree with that legal conclusion.

R.C. 5123.76(D) provides that an order of commitment to a private facility is conditional upon the receipt of consent by the facility to the commitment. To us, this appears readily explicable as a way of ensuring that a private facility cannot be ordered to accept a commitment without its consent. A public institution, on the other hand, does not have the luxury of refusing a commitment "provided that commitment of the respondent to the institution will not cause the institution to exceed its licensed capacity * * *." That crucial restriction is imposed in R.C. 5123.76(C)(1)(a) as a limitation upon the power of the trial court to issue an order of commitment to a public institution.

DeWeese contends that the statute should be construed liberally in her favor. We find no need to resort to rules of construction. The language in R.C. 5123.76(C)(1)(a) is clear and unequivocal. It does not permit a trial court to issue

an order of commitment to a public institution that would cause the institution to exceed its licensed capacity.

DeWeese argues that the department's position in this litigation constitutes an "inordinate preoccupation with the census count at [the center]," which DeWeese characterizes as "bean counting." The Ohio General Assembly has manifested a clear intention that no one may be committed to a public institution when that commitment would cause that institution to exceed its licensed capacity. Whenever a firm line is drawn, rigid adherence to it may appear capricious and arbitrary when a result just beyond that line is compared to a result just within that line. However, once that line is crossed, where will it stop? When the center is operating at one hundred fifty percent over its licensed capacity, or at double or at triple its licensed capacity, it may lose the ability to provide for the needs of *all* of those residents within its care. We presume that this was the concern that led the Ohio General Assembly to enact a clear limitation upon the ability of a trial court to issue an order of commitment to a public institution that would cause that institution to exceed its licensed capacity.

We sympathize with the plight of individuals in need of care when there is "no room at the inn" because the need exceeds the state's resources. However, we cannot rewrite the statute. DeWeese's remedy is with the legislature, which may either relax the restriction in R.C. 5123.76(C)(1)(a) or, better yet, find additional resources that will permit all of those persons in DeWeese's position to receive proper care.

The department's first assignment of error is sustained.

### III

The department's second assignment of error is as follows:

"The order of the trial court committing the respondent-appellee to the Montgomery Developmental Center was contrary to law because it caused the institution to violate federal and state licensing standards."

This is a weaker argument, since the impact of the trial court's order of commitment upon the center's compliance with federal and state licensing standards is indirect. As DeWeese points out, alternatives may be available to the center. These may include the discharge of other residents who are no longer in need of care, or who are in less need of care than is DeWeese.

In any event, we conclude that we need not resolve the department's second assignment of error in view of our disposition of its first assignment of error.

The department's second assignment of error is overruled as moot in view of our disposition of its first assignment of error.

## IV

The department's first assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for any further proceedings that may have become appropriate in view of developments subsequent to the hearing in the trial court.

We note that our judgment in this case is in conflict with those of our sister courts in *In re Arney* and *In the Matter of Williams, supra.* Accordingly, we will entertain a motion to certify the record pursuant to Section 3(B)(4), Article IV of the Ohio Constitution.∎

*Judgment accordingly.*

GRADY, P.J., and BROGAN, J., concur.